IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Benjamin Scott Hammar,<br><br>            Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>            Respondents. | No. CV-15-01940-PHX-DLR<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Bridget Bade, which recommends denying Petitioner Benjamin Hammar's Petition for Writ of Habeas Corpus. (Doc. 14.) It also recommends denying Petitioner a certificate of appealability and leave to proceed in forma pauperis on appeal. (*Id.* at 21.) The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. (*Id.* at 22 (citing Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).

Neither party filed objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

1. The Court has nonetheless reviewed the R&R and agrees with Magistrate Judge Bade's recommendations. The Court will accept the R&R and deny the Petition. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

Petitioner has also filed a Motion to Dismiss Case Without Prejudice, or, in the Alternative Stay in Abeyance. (Doc. 15.) Petitioner requests that the Court permit him to voluntarily dismiss his case while he exhausts his state court remedies for some of his claims. (*Id.* at 6.) However, the R&R recommends dismissing the Petition in part because Petitioner's claims are procedurally barred. (Doc. 14 at 9-10.) As such, Petitioner is unable to return to state court to exhaust his remedies, and his claims fail. (*Id.* at 9 ("In summary, Petitioner did not present the federal claims asserted in Grounds Two, Three (a), and Three (c) to the Arizona Court of Appeals either on direct appeal or post-conviction review. Those claims are technically exhausted and procedurally barred because it would be futile for Petitioner to return to the state courts to try to exhaust those claims."). The motion is denied.

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 14) is **ACCEPTED**, Petitioner's Motion to Dismiss, (Doc. 15), is **DENIED**, Petitioner's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED**, a Certificate of Appealability is **DENIED**, and Petitioner may not proceed in forma pauperis on appeal. The Clerk shall terminate this action.

Dated this 27th day of April, 2016.

Douglas L. Rayes
United States District Judge